UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>203 Saco Avenue, Old Orchard Beach, ME 04064 |
| **Tina L. Geisinger** | Mortgage:<br>**August 18, 2006**<br>**Book 14932, Page 0771**<br>**York County Registry of Deeds** |
| **Defendant**<br>**Oakhurst Dairy;**<br>**Affordable Housing Associates, Inc.;**<br>**Sherwin Williams Co.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Tina L. Geisinger, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, in which the Tina L. Geisinger is the obligor and the total amount owed under the terms of the Note is Three Hundred Four Thousand Two Hundred Forty-Nine and 80/100 ($304,249.80) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C is a Federal Savings Bank with its principal and main place of business located at 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801.

5. The Defendant, Tina L. Geisinger, is a resident of Old Orchard Beach, County of York and State of Maine.

6. The Party-in-Interest, Affordable Housing Associates, Inc., is located at 155 Saco Ave. Suite A2-2, Old Orchard Beach, ME 04064.

7. The Party-in-Interest, Oakhurst Dairy, is located at 364 Forest Ave, Portland, ME 04101.

8. The Party-in-Interest, Sherwin Williams Co., is located at PMB 815, PO Box 9715, Portland, ME 04104.

# FACTS

9. On August 18, 2006, by virtue of a Warranty Deed from Affordable Housing Associates, Inc., which is recorded in the York County Registry of Deeds in **Book 14392, Page 0769**, the property situated at 203 Saco Avenue, City/Town of Old Orchard Beach, County of York, and State of Maine, was conveyed to Tina L. Geisinger and Samuel Geisinger, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On August 18, 2006, Samuel Geisinger and Tina L. Geisinger executed and delivered to New Century Mortgage Corporation a certain Note under seal in the amount of $184,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on August 18, 2006, Samuel Geisinger and Tina L. Geisinger executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc, as nominee for New Century Mortgage Corporation, securing the property located at 203 Saco Avenue, Old Orchard Beach, ME 04064 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14932**, **Page 0771**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to DLJ Mortgage Capital, Inc. by virtue of an Assignment of Mortgage dated June 5, 2008, and recorded in the York County Registry of Deeds in **Book 15447, Page 0122** (arguably ineffective under *Greenleaf*).. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On January 3, 2011, Samuel Geisinger and Tina L. Geisinger executed a Loan Modification Agreement which adjusted the principal amount of the Note to $232,725.69 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff

and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

14. The Mortgage was then assigned to U.S. Bank, N.A., as trustee on behalf of SerVertis REO Pass-Through Trust I by virtue of an Assignment of Mortgage dated July 25, 2012, and recorded in the York County Registry of Deeds in **Book 16898**, **Page 426** (arguably ineffective under *Greenleaf*). *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Citibank, N.A. as Trustee for CMLTI Asset Trust by virtue of an Assignment of Mortgage dated August 7, 2014, and recorded in the York County Registry of Deeds in **Book 16898**, **Page 427** (arguably ineffective under *Greenleaf*). *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C by virtue of an Assignment of Mortgage dated January 14, 2015, and recorded in the York County Registry of Deeds in **Book 16956**, **Page 286** (arguably ineffective under *Greenleaf*). *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was further assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C by virtue of a Quitclaim Assignment dated October 29, 2024, and recorded in the York County Registry of Deeds in **Book 19549**, **Page 127**. *See* Exhibit I (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

18. Upon information and belief, Samuel Geisinger died on October 25, 2017, and by virtue of their joint tenancy Tina L. Geisinger became the only person with the so-called "right of redemption."

19. On December 18, 2024, the Defendant, Tina L. Geisinger, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendant, Tina L. Geisinger, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

21. The Defendant, Tina L. Geisinger, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

24. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

25. Affordable Housing Associates, Inc. is a Party-in-Interest pursuant to a Mortgage in the amount of $34,500.00 dated August 18, 2006, and recorded in the York County Registry of Deeds in **Book 14932**, **Page 0793** and is in second position behind Plaintiff's Mortgage.

26. Sherwin Williams Co. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $13,646.10 dated November 7, 2008, and recorded in the York County Registry of Deeds in **Book 15547**, **Page 0752, however, upon information and belief, the proper notice under Maine Law was not provided to the debtor(s) so the lien has not been perfected** and may in third position behind Plaintiff's Mortgage.

27. Oakhurst Dairy is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,357.68 dated March 4, 2009, and recorded in the York County Registry of Deeds in **Book 15588**, **Page 0568, however, upon information and belief, the proper notice under Maine Law was not provided to the debtor(s) so the lien has not been perfected** and may be in fourth position behind Plaintiff's Mortgage.

28. The total debt owed under the Note and Mortgage as of February 10, 2025, is Three Hundred Four Thousand Two Hundred Forty-Nine and 80/100 ($304,249.80) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $195,801.92 |
| Interest | $66,373.00 |
| Unpaid Late Charges | $4,002.35 |
| Escrow Advance | $34,400.82 |
| Suspense Balance | $-118.86 |
| Recoverable Corporate Advance Balance | $3,790.57 |
| Grand Total | $304,249.80 |

29. Upon information and belief, the Defendant, Tina L. Geisinger, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

30. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 203 Saco Avenue, Old Orchard Beach, County of York, and State of Maine. *See* Exhibit A.

32. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the

Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

33. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

34. The Defendant, Tina L. Geisinger, are presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2018, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

35. The total debt owed under the Note and Mortgage as of February 10, 2025, is Three Hundred Four Thousand Two Hundred Forty-Nine and 80/100 ($304,249.80) Dollars.

36. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

37. By virtue of the Defendant, Tina L. Geisinger's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

38. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Tina L. Geisinger, on December 18, 2024, evidenced by the Certificate of Mailing. *See* Exhibit J.

39. The Defendant, Tina L. Geisinger, is not in the Military as evidenced by the attached Exhibit K.

40. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

41. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

42. On August 18, 2006, the Defendant, Tina L. Geisinger, executed under seal and delivered to New Century Mortgage Corporation a certain Note in the amount of $184,000.00. *See* Exhibit B.

43. The Defendant, Tina L. Geisinger, is in default for failure to properly tender the April 1, 2018, payment and all subsequent payments. *See* Exhibit J.

44. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Tina L. Geisinger.

45. The Defendant, Tina L. Geisinger, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

46. The Defendant, Tina L. Geisinger's, breach is knowing, willful, and continuing.

47. The Defendant, Tina L. Geisinger's, breach has caused Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Note and Mortgage as of February 10, 2025, if no payments are made, is Three Hundred Four Thousand Two Hundred Forty-Nine and 80/100 ($304,249.80) Dollars.

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

50. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

51. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. By executing, under seal, and delivering the Note, the Defendant, Tina L. Geisinger, entered into a written contract with New Century Mortgage Corporation who agreed to loan the amount of $184,000.00 to the Defendants. *See* Exhibit B.

53. As part of this contract and transaction, the Defendant, Tina L. Geisinger, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

54. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, is the proper holder of the Note and successor-in-interest to New Century Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

55. The Defendant, Tina L. Geisinger, breached the terms of the Note and Mortgage by failing to properly tender the April 1, 2018, payment and all subsequent payments. *See* Exhibit J.

56. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Tina L. Geisinger.

57. The Defendant, Tina L. Geisinger, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

58. The Defendant, Tina L. Geisinger, is indebted to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C in the sum of Three Hundred Four Thousand Two Hundred Forty-Nine and 80/100 ($304,249.80) Dollars, for money lent by the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, to the Defendants.

59. Defendant, Tina L. Geisinger's, breach is knowing, willful, and continuing.

60. Defendant, Tina L. Geisinger's, breach has caused Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

61. The total debt owed under the Note and Mortgage as of February 10, 2025, if no payments are made, is Three Hundred Four Thousand Two Hundred Forty-Nine and 80/100 ($304,249.80) Dollars.

62. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

63. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

64. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. New Century Mortgage Corporation, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, loaned the Defendant, Tina L. Geisinger, $184,000.00. *See* Exhibit B.

66. The Defendant, Tina L. Geisinger, has failed to repay the loan obligation.

67. As a result, the Defendant, Tina L. Geisinger, have been unjustly enriched to the detriment of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C as successor-in-interest to New Century Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

68. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, is entitled to relief.

69. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, upon the expiration of the period of redemption;

d) Find that the Defendant, Tina L. Geisinger, is in breach of the Note by failing to make payment due as of April 1, 2018, and all subsequent payments;

e) Find that the Defendant, Tina L. Geisinger, is in breach of the Mortgage by failing to make payment due as of April 1, 2018, and all subsequent payments;

f) Find that the Defendant, Tina L. Geisinger, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Tina L. Geisinger, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due April 1, 2018, and all subsequent payments;

h) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Tina L. Geisinger has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, to restitution;

k) Find that the Defendant, Tina L. Geisinger, are liable to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, for money had and received;

l) Find that the Defendant, Tina L. Geisinger, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Tina L. Geisinger, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, is entitled to restitution for this benefit from the Defendant, Tina L. Geisinger;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Tina L. Geisinger, and in favor of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C, in the amount of Three Hundred Four Thousand Two Hundred Forty-Nine and 80/100 ($304,249.80) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee of Citigroup Mortgage Loan Trust 2014-C,
By its attorneys,

Dated: February 20, 2025

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com